# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**EUGENE SMITH,**

    **Petitioner,**

**v.**                                          **Case No. 3:16cv199-LC/CAS**

**JULIE L. JONES,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On April 28, 2016, Petitioner Eugene Smith, an inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner also filed supplements to the petition. ECF Nos. 7 and 16. On January 27, 2017, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 18. Petitioner has filed a reply. ECF No. 21.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition is untimely

and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

**Procedural Background**

On April 12, 2005, by information filed in the First Judicial Circuit, Escambia County, Florida, in case number 2005-CF-1607, the State charged Petitioner with one count of possession of a controlled substance (methylenedioxymethamphetamine), in violation of section 893.13(6)(a), Florida Statutes, in connection with events that occurred on or about March 28, 2005. Ex. B at 4.[1] In another case, number 2005-CF-4276, by information filed August 18, 2005, the State charged Petitioner with one count of driving while his license had been revoked, in violation of section 322.34(5), Florida Statutes, in connection with events that occurred on or about July 31, 2005. *Id.* at 10. On September 6, 2005, Petitioner entered a negotiated plea of nolo contendere as charged in both cases. *Id.* at 5-9. That same day, the court adjudicated him guilty and sentenced him to 24 months of probation in each case, to run concurrently. Ex. A at 6-7. Petitioner did not appeal.

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 18.

On February 11, 2011, and May 25, 2011, Petitioner filed motions to enlarge or toll his time to file a motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, because he had been confined in a federal prison outside Florida. *See* Ex. C at 127. The state court granted the motion by order rendered August 30, 2011, and allowed him to file a motion without prejudice to the State's ability to show the motion is time-barred. *Id.* at 127-28.

On December 13, 2012, Petitioner filed a motion to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.800. Ex. A at 1-4. The state trial court denied the motion by order rendered April 15, 2013. Ex. B.

On August 27, 2013, Petitioner filed a Rule 3.850 motion. Ex. C at 1-39. By order rendered October 31, 2013, the trial court struck the motion with leave to file an amended motion within sixty (60) days. *Id.* at 40-42. On or about November 20, 2013, Petitioner filed an amended Rule 3.850 motion, *id.* at 43-78, which the court also struck with leave to file another amended motion, *id.* at 79-85. On or about March 10, 2014, Petitioner filed a second amended Rule 3.850 motion, *id.* at 86-120, which he supplemented on or about November 18, 2014, *id.* at 139-43. By order rendered January 8, 2015, the state court summarily denied the second

amended Rule 3.850 motion, with attachments. Ex. D at 144-52 (exclusive of attachments).

Petitioner appealed the order denying his Rule 3.850 motion to the First District Court of Appeal (First DCA), and he filed an initial brief, assigned case number 1D15-1024. Ex. E. The State filed a notice that it would not file an answer brief. Ex. F. On June 19, 2015, the First DCA per curiam affirmed the case without a written opinion. Ex. G. The mandate issued July 16, 2015. Ex. H.

In the meantime, on January 16, 2015, Petitioner sought to file a belated direct appeal. Ex. I. On February 6, 2015, the First DCA denied his petition for belated appeal. Ex. J.

As indicated above, on April 28, 2016, Petitioner filed his § 2254 petition in this Court. ECF No. 1. He also filed supplements to the petition. ECF Nos. 7 and 16. On January 27, 2017, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 18. Petitioner has filed a reply. ECF No. 21.

## Analysis

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates. *Id.* § 2244(d)(1)(A).[2] The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, the state trial court entered Petitioner's judgment and sentence on September 6, 2005. Ex. A at 6-7. He did not appeal and, thus, his conviction became final on October 6, 2005, when the time for filing a direct appeal expired. *See* Fla. R. App. P. 9.140(b)(3) (allowing 30 days to appeal from rendition of written order imposing sentence). The one-year AEDPA limitations period ended one year later. *See, e.g.*, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

---

[2] Later dates which may commence the limitations period are the date on which (1) an unconstitutional impediment which prevented the applicant from filing is removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; and (3) the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D).

Case No. 3:16cv199-LC/CAS

Petitioner did not file any collateral motions prior to October 6, 2006. Accordingly, anything he filed thereafter could not toll the AEDPA limitations period as there was no time remaining to be tolled. *See, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). Therefore, his § 2254 petition is untimely. *See* Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (finding that post-conviction motions do not restart the AEDPA one-year limitations period once it has expired) (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

In his reply to Respondent's motion to dismiss, Petitioner argues he is entitled to equitable tolling because "he was so inhibited by the inadequacies of the law libraries at the Escambia County Jail, the Santa Rosa County Jail, the Tallahassee Transit Center, U.S.P. Pollack and F.C.I. Jesup that he was unable to file and state a legal cause of action before

AEDPA's limitation period expired." ECF No. 21 at 3. He argues he has been pursuing his rights diligently and asserts the following in support:

> Petitioner pled nolo contendere to the offenses of possession of a controlled substance and driving while license suspended (DWLS), habitual offender on September 6, 2005. Petitioner requested Counsel to file an appeal following an unsuccessful motion to suppress. Based on that premise, Petitioner thought an appeal was being filed. However, on or about February 3, 2006, after checking with the Clerk of Court, it was discovered that no appeal had been filed in the case resulting in Petitioner's Judgment becoming final on October 5, 2005. Unfortunately, a[] contemporaneous federal investigation and prosecution of Petitioner was afoot commencing on October 5, 2005. Petitioner was apprehended and housed at the Escambia County jail (ECJ) on March 27, 2006. While housed there Petitioner immediately requested via request form to visit the law library so that he could research and ascertain the procedural rules to any federal and state filings. Petitioner's request was rebuffed with the response that the facility did not house a law library and because, assuming arguendo, Petitioner was a federal inmate did not have to provide legal assistance if it did. Petitioner was housed there until on or about September 30, 2006. Petitioner was then transferred to the Santa Rosa County Jail (SRCJ). Upon arriving at the facility, Petitioner again requested to visit the law library. Petitioner's request was met with the response that the facility did not have a law library. Petitioner remained at the SCRJ until on or about October 21, 2006. From there Petitioner was transferred to Tallahassee transit facility. Petitioner requested to visit the law library while housed at that facility but was rebuffed and informed by officials there that the facility did not have a law library. Petitioner was then transferred to U.S.P. Pollack, LA on or about January 3, 2007. Petitioner asserts it was there that Petitioner first learned that pursuant to the Antiterrorism Effective Death Penalty Act (AEDPA) he had one year to file a § 2254 but by that time the AEDPA's statute of limitation had expired by 15 months. Prior to that time, Petitioner had no knowledge of the existence of AEDPA's

>   statute of limitations. However, the law library did not provide
>   adequate Florida legal materials to file a legally sufficient
>   Fla.R.Crim.P. 3.850 motion by, inter alia, stating a legal cause
>   of action. Petitioner unsuccessfully requested the facility to
>   provide Florida legal materials. Petitioner was later transferred
>   to F.C.I. Jesup on or about February 28, 2008, and there he
>   experienced the same conditions present at U.S.P. Pollack, that
>   is, the lack of any Florida legal materials necessary to file a
>   legally sufficient Fla.R.Crim.P. 3.850 motion by, inter alia,
>   stating a legal cause of action.

*Id.* at 4-6. Petitioner further explains that "it wasn't until August 2013 that an inmate, Jeremy Carter, transferred to F.C.I. Jesup who possessed some Florida legal materials to allow for a non-frivolous 3.850 motion" and another inmate later arrived with additional material. *Id.* at 7. Petitioner asserts that, "due to the lack or inadequacies of their law libraries in violation of the First Amendment's right to access the courts resulted in a state created impediment" and, therefore, "the AEDPA's time limitation was statutorily tolled during those periods while Petitioner was housed at those facilities and his clock didn't start running until he was provided Florida legal materials on or about August 15, 2013, making his § 2254 timely." *Id.* at 8.

Petitioner has not shown entitlement to equitable tolling. The state court record reflects that, after his September 2005 conviction and sentence, Petitioner did not file anything until February 2011, when he filed a motion for extension of time to file a Rule 3.850 motion in state court.

Petitioner states he knew, at least as of January 2007, about the AEDPA one-year limitations period but he could not, because of inadequate legal materials, file his Florida post-conviction motions until August 2013. Petitioner has not shown he pursued his rights diligently or that his circumstances were so extraordinary to excuse the untimely filing of his § 2254 petition. *See, e.g.*, Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1313-14 (11th Cir. 2001) (rejecting petitioner's equitable tolling argument that he "was prevented from obtaining accurate information due to deficiencies in the prison library where he was being held"); Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (citing Helton and explaining district court did not err in finding petitioner not entitled to equitable tolling where "[t]he record shows that Arthur was aware of the deadline to file his habeas petition and that, although he continued to seek counsel, he neither timely filed a pro se petition for postconviction relief nor filed a motion seeking the appointment of counsel. . . . [and] [t]he record does not reflect any 'repeated' efforts to learn the status of his case or any acts by others which prevented him from timely filing his petition"); Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007) (affirming dismissal of § 2254 petition as time-barred where petitioner's transfer to county jail and denial of access to legal papers and law library did not constitute extraordinary

circumstances); Bell v. Sec'y, Dep't of Corr., 248 F. App'x 101, 104-05 (11th Cir. 2007) (affirming dismissal of § 2254 petition as time-barred where petitioner's inability to access prison law library was not extraordinary circumstance to warrant equitable tolling where petitioner did not formally request access to library until eleven months after limitations period expired, no record evidence that petitioner diligently attempted to determine limitations period before it expired, and petitioner filed three pro se motions in state court during relevant time period).  *See also, e.g.*, Tinker, 255 F.3d at 1333-34 (explaining that state post-conviction petition filed after expiration of federal AEDPA limitations period does not toll federal period because no time remains in federal period to be tolled).

## Recommendation

Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 18, be **GRANTED** and Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on April 19, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control**. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.